Rand *v.* Robinson.

NATHANIEL RAND *vs.* MARTHA A. ROBINSON.

A writ of entry will lie by the former owner of land sold for nonpayment of taxes, if he have tendered the proper sum to the purchaser within two years, under Rev. Sts. *c.* 8, § 32, although he might also have a bill in equity to compel a reconveyance, under *St.* 1849, *c.* 213.

WRIT OF ENTRY. From an agreed statement of facts, it appeared that the premises were sold at auction, under Rev. Sts. *c.* 8, § 28, to George Robinson, on the 27th day of June, 1840, for nonpayment of taxes assessed thereon against the demandant, the former owner. The demandant duly tendered said George Robinson the amount of the purchase-money, and all expenses, in pursuance of Rev. Sts. *c.* 8, § 32, within two years from the time of said auction sale; but on the 3d of August, 1852, said Robinson conveyed the premises to the tenant, who was in possession when this action was commenced, September 8th, 1852. The only question was, whether a writ of entry would lie, or whether the only remedy was by a bill in equity, under *St.* 1849, *c.* 213.

*G. F. Hoar*, for the demandant.

*N. Wood*, for the tenant.

DEWEY, J.* The only question raised upon the argument of this case was, that as to the proper remedy of the plaintiff to regain possession of the premises demanded in his writ. It is conceded that within two years from the day of the sale of the premises at public auction, for the nonpayment of taxes assessed thereon, a tender was duly made of all sums due to the purchaser, and that the plaintiff ought to be restored to the real estate demanded by him. But it is said that a writ of entry is not the proper remedy. The Rev. Sts. *c.* 8, § 28, authorizes the sale of lands for taxes. Section 31 more fully provides as to the form of the collector's deed, requiring that the cause of the sale be stated, the price for which the estate was sold, and that it is conveyed subject to the right of redemption, upon the owner paying or tendering to the purchaser the sum paid by him, with ten per cent. interest, and all necessary intervening charges. Under the provisions of this statute, the deed of the collector in the present case was made, and is thus : " To have and to hold the Same to the said George Robinson, his heirs and assigns forever, suh-ject, however, to the said proprietor's redemption thereof, at any time within two years from said day of sale." Section 32 affirms the right of the owner to redeem the estate sold within two years.

The statute has no provision as to the remedy for the party to regain possession, upon payment, within two years from the day of sale of the amount due the purchaser. In that respect it differs from other cases to which reference will be made, and this omission raises the present question. Thus, the statute authorizing levy of execution on the real estate of the debtor, Rev. Sts. *c.* 73, § 24–26, having authorized a redemption at any time within one year, provides that if the creditor shall not, in case of such payment, within one year release the premises, the debtor may recover the same in a writ of entry, or he may bring a bill in equity.

* THOMAS, J. did not sit in this case.

Section 30 and section 33 give the like right to redeem, and the like remedy in case of a levy on rents and profits of an estate for life, or a levy of execution upon an equity of redemption in lands under mortgage. Section 46 gives the like remedy in cases of sales at auction of equities of redemption, on execution. In all these cases, special provisions, it will be seen, are made as to the remedy. It is also provided that upon the payment within the year, the purchaser shall execute a deed of release. No such provision is found as to the sales of land for taxes, and the question of remedy must be settled without the aid of any direct provision by statute, giving a writ of entry in such cases. But we are not without some aid on this question, from judicial decisions. It is quite obvious that this right to redeem lands sold for non payment of taxes, is a right that is to be enforced in some form by the aid of legal tribunals. Two modes are provided in the other cases of redemption of real estate, to which reference has been made, either a writ of entry or a bill in equity, and these modes, or some one of them, would seem to be the appropriate ones, in the absence of any statute provision. But this court, in the case of *Mitchell* v. *Green*, 10 Met. 101, decided that a bill in equity would not lie for the redemption of land sold for payment of taxes. This being so, it would seem necessarily to result that a writ of entry would lie in such case. Indeed the opinion of the court seems to assume that the force and effect of the tender, is to defeat the legal estate, and that such tender being shown would authorize a recovery in an action at law for the premises. Independent of the recent *St.* of 1849, *c.* 213, a statute enacted after the decision of the case just cited, it would seem that the remedy must have been by a writ of entry, treating the estate of the purchaser as defeated, and lost by the payment of the sum necessary to redeem.

The further inquiry is, as to the effect of the *St.* 1849, *c.* 213. This statute has given this court full equity powers in such case, and this being so, it is insisted that since the passage of this act all other remedies are excluded. But, in our opinion, this statute is merely cumulative, and was intended to confer

the additional remedy of a bill in equity in such cases, which the court thought did not exist without a statute provision. The remedy by writ of entry, previously existing, continues in full force, and may be resorted to at the election of the party seeking to repossess land sold for the nonpayment of taxes, and where the title has been defeated by payment within the two years from the sale, of the sum required to redeem.                                    *Judgment for the plaintiff.*

